USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/6/08 (A)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x
                                :  (CORRECTED COPY)
UNITED STATES OF AMERICA,           ORDER OF FORFEITURE/
                                :  PRELIMINARY ORDER OF
                                   FORFEITURE AS TO
        -v-                     :  SPECIFIC PROPERTY

SANTO C. MAGGIO,                :  07 Cr. 1196 (SHS)

           Defendant.           :
--------------------------------x

        WHEREAS, on or about December 19, 2007, SANTO C. MAGGIO

(the "defendant"), was charged in a four-count Information 07 Cr.

1196 (SHS) (the "Information") with conspiracy to commit

securities fraud, wire fraud, bank fraud, money laundering,

making false filings with the SEC and material misstatements to

auditors, in violation of Title 18, United States Code, Section

371 (Count One); securities fraud in violation of Title 15,

United States Code, Sections 78j(b) and 78ff, and Title 17, Code

of Federal Regulations, Section 240.10b-5 (Counts Two and Three);

wire fraud in violation of Title 18, United States Code, Section

1343 (Count Four);

        WHEREAS, the Information included a forfeiture

allegation charging that the defendant shall forfeit to the

United States, pursuant to Title 18, United States Code, Section

981(a)(1)(C) and Title 28, United States Code, Section 2461, all

property, real and personal, that constitutes or is derived from

proceeds traceable to the commission of the securities and wire

fraud offenses, including but not limited to, (i) a sum of money

equal to $2,400,000,000 in United States currency, representing
the amount of proceeds obtained as a result of the offenses,
(collectively the "Money Judgment");

WHEREAS, on or about December 19, 2007, the defendant
pled guilty to all counts of the Information pursuant to a plea
agreement (the "Plea Agreement");

WHEREAS, in the Plea Agreement, the defendant admitted
the forfeiture allegation of the Information and, in full
satisfaction of the Money Judgment, agreed to forfeit to the
United States the following:

a.   Cash in U.S. Trust checking accounts numbered
     ▉0196 and ▉1754;

b.   Surrender value of the following insurance
     policies: (i) Prudential Financial Insurance
     Policy No. ▉9407; (ii) Mass Mutual Financial
     Group Insurance Policy No. ▉9761; and (iii) Mass
     Mutual Financial Group Insurance Policy No.
     ▉2605;

c.   Furniture and household goods contained inside the
     real properties owned by the defendant and the
     defendant's wife, Carol Maggio, that were
     purchased with the proceeds of the crimes charged;

d.   One 2006 Infiniti M35, Vin# JNKAYO1E56M1008640;

e.   All securities and cash held in the following
     accounts: (i) U.S. Trust Excelsior Funds, account
     no. ▉1077; (ii) Citibank account no.
     ▉6449; (iii) U.S. Trust account no. ▉4147
     (Starting Over LLC); and (iv) U.S. Trust Tax
     Exempt Bonds account number ▉1117;

f.   The defendant's interest in WestPoint Partners
     Partnerships and Team Valor Partnerships;

g.   Prudential IRA account number ▉9505;

2

h.    The following annuities: (i) AXA annuity no. █████
      █8 761; (ii) Prudential annuity no. ████2922; and
      (iii) Prudential annuity no. ████6362;

i.    One 2001 Glacier Bay 26 foot boat, HIN#
      GLKG1002J2001;

j.    ████████████, Naples Florida;

k.    116 Good Hope, Berkeley Hall, Hilton Head, South
      Carolina;

l.    Lot #79, Berkeley Hall, Hilton Head, South
      Carolina;

m.    Lot #525, Belfair Plantation, Hilton Head, South
      Carolina;

n.    Unit # 1801 Aversana, Hammock Bay, Naples,
      Florida;

o.    Unit # 106 Aversana, Hammock Bay, Naples, Florida;

p.    Flagship Resort, Atlantic City (Timeshare);

q.    One Rolex watch;

r.    The defendant's interest in Fiddler's Creek Gold
      Membership and Tarpon Bay Membership;

s.    A quantity of wine;

t.    One 2004 25-foot Premiere powerboat and engine,
      HIN# PMY3079L304;

u.    One 2004 Range Rover, Vin# SALME11485A186942; and

v.    9243 Tesoro Lane, #201, Fiddlers Creek, Naples,
      Florida;

WHEREAS, on December 19, 2007, it was agreed that the

Government will accept the following: a) $25,000.00 in U.S.

currency as a substitute of the defendant's interest in WestPoint

Partners Partnerships and Team Valor Partnerships; b) $39,665.00

in U.S. currency as a substitute of one 2001 Glacier Bay 26 foot

3

boat, HIN# GLKG1002J2001; c) $31,000.00 in U.S. currency as a
substitute of the defendant's interest in Fiddler's Creek Gold
Membership and Tarpon Bay Membership; and d) $2,000.00 in U.S.
currency as a substitute for the wine;

WHEREAS, on or about January 2, 2008, the Court entered
an Order of Forfeiture/Preliminary Order of Forfeiture as to
Specific Property (the "Order");

WHEREAS, the United States hereby moves to correct this
Order because, two of the real property addresses were incorrect,
they should be the following:

> Lot #526, Belfair Plantation, Hilton Head, South
> Carolina, and
>
> Lot #309, Berkeley Hall, Hilton Head, South Carolina,
> also known as #3 Rice Hope Court, Bluffton, South
> Carolina 29909;

WHEREAS, by virtue of said guilty plea and sentence,
pursuant to 21 U.S.C. § 853(g), the United States is entitled,
pending any assertion of third-party claims, to reduce the
property to its possession and to notify any and all potential
purchasers and transferees thereof of its interest therein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED
THAT:

1.    Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C.
§ 2461(c) and Rule 32.2(b)(1) of the Federal Rules of Criminal
Procedure, in full satisfaction of the Money Judgment, all right,
title and interest of the defendant's interest in the following

property is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n):

a.  Cash in U.S. Trust checking accounts numbered ▇0196 and ▇1754;

b.  Surrender value of the following insurance policies: (i) Prudential Financial Insurance Policy No. ▇9407; (ii) Mass Mutual Financial Group Insurance Policy No. ▇9761; and (iii) Mass Mutual Financial Group Insurance Policy No. ▇2605;

c.  Furniture and household goods contained inside the real properties owned by the defendant and the defendant's wife, Carol Maggio, that were purchased with the proceeds of the crimes charged;

d.  One 2006 Infiniti M35, Vin# JNKAYO1E56M1008640;

e.  All securities and cash held in the following accounts: (i) U.S. Trust Excelsior Funds, account no. ▇1077; (ii) Citibank account no. ▇6449; (iii) U.S. Trust account no. ▇4147 (Starting Over LLC); and (iv) U.S. Trust Tax Exempt Bonds account number ▇1117;

f.  $25,000.00 in U.S. currency;

g.  Prudential IRA account number ▇9505;

h.  The following annuities: (i) AXA annuity no. ▇8 761; (ii) Prudential annuity no. ▇2922; and (iii) Prudential annuity no. ▇6362;

i.  $39,665.00 in U.S. currency;

j.  ▇, Naples Florida;

k.  116 Good Hope, Berkeley Hall, Hilton Head, South Carolina;

l.  Lot #309, Berkeley Hall, Hilton Head, South Carolina, also known as #3 Rice Hope Court, Bluffton, South Carolina 29909;

    m.    Lot #526, Belfair Plantation, Hilton Head, South Carolina;

    n.    Unit #1801 Aversana, Hammock Bay, Naples, Florida;

    o.    Unit #106 Aversana, Hammock Bay, Naples, Florida;

    p.    Flagship Resort, Atlantic City (Timeshare);

    q.    One Rolex watch;

    r.    $31,000.00 in U.S. currency;

    s.    $2,000.00 in U.S. currency;

    t.    One 2004 25-foot Premiere powerboat and engine, HIN# PMY3079L304;

    u.    One 2004 Range Rover, Vin# SALME11485A186942; and

    v.    9243 Tesoro Lane, #201, Fiddlers Creek, Naples, Florida;

(a through v hereinafter collectively referred to as the "Subject Property").

    2.    The aforementioned Subject Property is to be seized pursuant to this Order of Forfeiture/Preliminary Order of Forfeiture as to Specific Property and is to be held thereafter by the United States Marshals Service (or its designee) in its secure custody and control. Any and all financial institutions shall turn over property ordered forfeited to and as directed by the United States Marshals Service.

    3.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Order of Forfeiture is final against the defendant, is part of the sentence of the defendant, and shall be included in the judgment of conviction therewith, and is

6

hereby deemed in full satisfaction of the Money Judgment.

4.    Pursuant to 21 U.S.C. § 853(n)(1), the United States Marshals Service forthwith shall publish, at least once for three successive weeks in a newspaper of general circulation, notice of this Order, notice of the Government's intent to dispose of the Subject Property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the above-listed Specific Property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property and any additional facts supporting the petitioner's claim and the relief sought.

5.    Pursuant to Rule G(4)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers.  The United States forthwith shall publish the internet ad for at least 30

7

consecutive days. Any person, other than the defendant(s) in this case, claiming interest in the Subject Property must file a Petition within 60 days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier, pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Subject Property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to 21 U.S.C. § 853(n).

6. The United States may also, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Subject Property, which is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

8. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

9.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property, including depositions, interrogatories, requests for production of documents and subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

10.    The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney, Sharon Cohen Levin, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
        March 6, 2008

SO ORDERED,

HONORABLE SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE

9