USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/19/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :     FINAL ORDER OF FORFEITURE
                                        AS TO SPECIFIC PROPERTY
            -v.-                   :
                                        07 Cr. 1196 (SHS)
SANTO MAGGIO,                     :

            Defendant.            :

                                  :

- - - - - - - - - - - - - - - - - x

        WHEREAS, on or about December 19, 2007, SANTO C. MAGGIO

(the "defendant"), was charged in a four-count Information 07 Cr.

1196 (SHS) (the "Information") with conspiracy to commit

securities fraud, wire fraud, bank fraud, money laundering,

making false filings with the SEC and material misstatements to

auditors, in violation of Title 18, United States Code, Section

371 (Count One); securities fraud in violation of Title 15,

United States Code, Sections 78j(b) and 78ff, and Title 17, Code

of Federal Regulations, Section 240.10b-5 (Counts Two and Three);

wire fraud in violation of Title 18, United States Code, Section

1343 (Count Four);

        WHEREAS, the Information included a forfeiture

allegation charging that the defendant shall forfeit to the

United States, pursuant to Title 18, United States Code, Section

981(a)(1)(C) and Title 28, United States Code, Section 2461, all

property, real and personal, that constitutes or is derived from

proceeds traceable to the commission of the securities and wire

fraud offenses, including but not limited to, (i) a sum of money
equal to $2,400,000,000 in United States currency, representing
the amount of proceeds obtained as a result of the offenses,
(collectively the "Money Judgment");

WHEREAS, on or about December 19, 2007, the defendant
pled guilty to all counts of the Information pursuant to a plea
agreement (the "Plea Agreement");

WHEREAS, in the Plea Agreement, the defendant admitted
the forfeiture allegation of the Information and agreed to
forfeit to the United States the following property:

   a.   Cash in U.S. Trust checking accounts numbered
        240196 and 2401754;

   b.   Surrender value of the following insurance
        policies: (i) Prudential Financial Insurance
        Policy No. 71169407; (ii) Mass Mutual Financial
        Group Insurance Policy No. 3709761; and (iii) Mass
        Mutual Financial Group Insurance Policy No.
        3842605;

   c.   Furniture and household goods contained inside the
        real properties owned by the defendant and the
        defendant's wife, Carol Maggio;

   d.   One 2006 Infiniti M35, Vin# JNKAYO1E56M1008640;

   e.   All securities and cash held in the following
        accounts: (i) U.S. Trust Excelsior Funds, account
        no. 1000571077; (ii) Citibank account no.
        B/596449; (iii) U.S. Trust account no. 1164147
        (Starting Over LLC); and (iv) U.S. Trust Tax
        Exempt Bonds account number 75101117;

   f.   $25,000.00 in U.S. currency;

   g.   Prudential IRA account number E-0059505;

2

h.  The following annuities: (i) AXA annuity no. 303 718 761; (ii) Prudential annuity no. E0042922; and (iii) Prudential annuity no. E0126362;

i.  $39,665.00 in U.S. currency;

j.  50% of the net proceeds of the sale of 1825 8th Street, Naples Florida, less $257,000 which accounts for the defendant's wife's interest in the real property;

k.  116 Good Hope, Berkeley Hall, Hilton Head, South Carolina;

l.  Lot #309, Berkeley Hall, Hilton Head, South Carolina, also known as #3 Rice Hope Court, Bluffton, South Carolina 29909;

m.  Lot #526, Belfair Plantation, Hilton Head, South Carolina;

n.  1801 Aversana, Hammock Bay, Naples, Florida;

o.  106 Aversana, Hammock Bay, Naples, Florida;

p.  One Rolex watch;

q.  $31,000.00 in U.S. currency;

r.  AXA annuity no. 304 642 697;

s.  One 2004 25 foot Premiere powerboat and engine, HIN# PMY3079L304;

t.  One 2004 Range Rover, Vin# SALME11485A186942;

u.  9243 Tesoro Lane, #201, Fiddlers Creek, Naples, Florida;

(a. through u., collectively the "Subject Property").

WHEREAS, on January 2, 2008, the Court entered a Preliminary Order of Forfeiture forfeiting the defendants' right, title and interest in the Subject Property; (a copy of the Order

3

of Forfeiture/Preliminary Order of Forfeiture is attached hereto
as Exhibit A);

WHEREAS, on or about March 5, 2008, the Court entered a
Corrected Order of Forfeiture/Preliminary Order of Forfeiture as
to Specific Property (a copy of the Corrected Order of
Forfeiture/Preliminary Order of Forfeiture is attached hereto as
Exhibit B);

WHEREAS, the provisions of 21 U.S.C. § 853 (n)(1), require
publication of notice of forfeiture and of the Government's intent
to dispose of the forfeited property before the United States can
have clear title to the forfeited property;

WHEREAS, notice of civil forfeiture was also posted on an
official government internet site (www.forfeiture.gov) for at least
30 consecutive days, beginning on March 19, 2008, as required by
Rule G(4)(a)(iv)(C) of the supplemental Rules for Admiralty or
Maritime Claims and Asset Forfeiture Actions, and proof of such
publication was filed with the Clerk of the Court on May 14, 2008
(A copy of the proof of publication is attached hereto as Exhibit
C);

WHEREAS, notice of the forfeiture action was duly
published in the New York Law Journal, once in each of three
successive weeks beginning on March 26, 2008.  Proof of such
publications were filed with the clerk of the Court on May 15, 2008
(A copy of the proof of publication is attached hereto as Exhibit
D);

4

WHEREAS, pursuant to 21 U.S.C. § 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within 30 days of final publication of notice of the forfeiture as set forth in 21 U.S.C. § 853(n)(2);

WHEREAS, 30 days have expired since final publication of notice and no petitions to contest the forfeiture have been filed;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.    Pursuant to 32.2(b)(3), the defendant Santo Maggio consents that this Order of Forfeiture as to Specific Property is final as to the defendant Santo Maggio and shall be made part of the sentence and included in the judgment.

2.    Pursuant to 21 U.S.C. § 853 (n)(7) the United States of America shall and is hereby deemed to have clear title to the Subject Property.

3.    The United States Marshals Service shall take possession of the Subject Property and dispose of the same according to law, in accordance with 21 U.S.C. § 853 (h).

4.    The clerk is hereby directed to send copies of this Order to all counsel of record.

8/18/08

SO ORDERED:

_____

HONORABLE SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE

```
                                        ┌──────────────────────────────────┐
                                        │ USDC SDNY            S Tc·v       │
                                        │ DOCUMENT                          │
                                        │ ELECTRONICALLY FILED              │
UNITED STATES DISTRICT COURT            │ DOC #:                            │
SOUTHERN DISTRICT OF NEW YORK           │ DATE FILED: 12/08/          │
- - - - - - - - - - - - - - - - - -x    └──────────────────────────────────┘
```

UNITED STATES OF AMERICA,            :   ORDER OF FORFEITURE/
                                     :   PRELIMINARY ORDER OF
                                         FORFEITURE AS TO
          -v-                        :   SPECIFIC PROPERTY

SANTO C. MAGGIO,                     :   07 Cr. 1196 (SHS)

               Defendant.            :
- - - - - - - - - - - - - - - - - -x

WHEREAS, on or about December 19, 2007, SANTO C. MAGGIO

(the "defendant"), was charged in a four-count Information 07 Cr.

1196 (SHS) (the "Information") with conspiracy to commit

securities fraud, wire fraud, bank fraud, money laundering,

making false filings with the SEC and material misstatements to

auditors, in violation of Title 18, United States Code, Section

371 (Count One); securities fraud in violation of Title 15,

United States Code, Sections 78j(b) and 78ff, and Title 17, Code

of Federal Regulations, Section 240.10b-5 (Counts Two and Three);

wire fraud in violation of Title 18, United States Code, Section

1343 (Count Four);

WHEREAS, the Information included a forfeiture

allegation charging that the defendant shall forfeit to the

United States, pursuant to Title 18, United States Code, Section

981(a)(1)(C) and Title 28, United States Code, Section 2461, all

property, real and personal, that constitutes or is derived from

proceeds traceable to the commission of the securities and wire

fraud offenses, including but not limited to, (i) a sum of money

equal to $2,400,000,000 in United States currency, representing

the amount of proceeds obtained as a result of the offenses,

(collectively the "Money Judgment");

WHEREAS, on or about December 19, 2007, the defendant

pled guilty to all counts of the Information pursuant to a plea

agreement (the "Plea Agreement");

WHEREAS, in the Plea Agreement, the defendant admitted

the forfeiture allegation of the Information and, in full

satisfaction of the Money Judgment, agreed to forfeit to the

United States the following:

- a. Cash in U.S. Trust checking accounts numbered ▮0196 and ▮1754;

- b. Surrender value of the following insurance policies: (i) Prudential Financial Insurance Policy No. ▮9407; (ii) Mass Mutual Financial Group Insurance Policy No. ▮9761; and (iii) Mass Mutual Financial Group Insurance Policy No. ▮2605;

- c. Furniture and household goods contained inside the real properties owned by the defendant and the defendant's wife, Carol Maggio, that were purchased with the proceeds of the crimes charged;

- d. One 2006 Infiniti M35, Vin# JNKAYO1E56M1008640;

- e. All securities and cash held in the following accounts: (i) U.S. Trust Excelsior Funds, account no. ▮1077; (ii) Citibank account no. ▮6449; (iii) U.S. Trust account no. ▮4147 (Starting Over LLC); and (iv) U.S. Trust Tax Exempt Bonds account number ▮1117;

- f. The defendant's interest in WestPoint Partners Partnerships and Team Valor Partnerships;

- g. Prudential IRA account number ▮9505;

2

    h.   The following annuities: (i) AXA annuity no. ███
               █8 761; (ii) Prudential annuity no. ███ 2922; and
               (iii) Prudential annuity no. █ 6362;

    i.   One 2001 Glacier Bay 26 foot boat, HIN#
               GLKG1002J2001;

    j.   █████████, Naples Florida;

    k.   ███████████████, Hilton Head, South
               Carolina;

    l.   ██████████████, Hilton Head, South
               Carolina;

    m.   ███████████████, Hilton Head, South
               Carolina;

    n.   ██████████████████, Naples,
               Florida;

    o.   ███████████████████, Naples, Florida;

    p.   Flagship Resort, Atlantic City (Timeshare);

    q.   One Rolex watch;

    r.   The defendant's interest in Fiddler's Creek Gold
               Membership and Tarpon Bay Membership;

    s.   A quantity of wine;

    t.   One 2004 25-foot Premiere powerboat and engine,
               HIN# PMY3079L304;

    u.   One 2004 Range Rover, Vin# SALME11485A186942; and

    v.   ████████████████████, Naples,
               Florida;

WHEREAS, on December 19, 2007, it was agreed that the
Government will accept the following: a) $25,000.00 in U.S.
currency as a substitute of the defendant's interest in WestPoint
Partners Partnerships and Team Valor Partnerships; b) $39,665.00
in U.S. currency as a substitute of one 2001 Glacier Bay 26 foot

boat, HIN# GLKG1002J2001; c) $31,000.00 in U.S. currency as a substitute of the defendant's interest in Fiddler's Creek Gold Membership and Tarpon Bay Membership; and d) $2,000.00 in U.S. currency as a substitute for the wine.

WHEREAS, by virtue of said guilty plea and sentence, pursuant to 21 U.S.C. § 853(g), the United States is entitled, pending any assertion of third-party claims, to reduce the property to its possession and to notify any and all potential purchasers and transferees thereof of its interest therein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, in full satisfaction of the Money Judgment, all right, title and interest of the defendant's interest in the following property is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n):

> a. Cash in U.S. Trust checking accounts numbered ▇0196 and ▇1754;
>
> b. Surrender value of the following insurance policies: (i) Prudential Financial Insurance Policy No. ▇9407; (ii) Mass Mutual Financial Group Insurance Policy No. ▇9761; and (iii) Mass Mutual Financial Group Insurance Policy No. ▇2605;
>
> c. Furniture and household goods contained inside the real properties owned by the defendant and the

4

defendant's wife, Carol Maggio, that were purchased with the proceeds of the crimes charged;

d.  One 2006 Infiniti M35, Vin# JNKAYO1E56M1008640;

e.  All securities and cash held in the following accounts: (i) U.S. Trust Excelsior Funds, account no. ██████1077; (ii) Citibank account no. ██████6449; (iii) U.S. Trust account no. ████4147 (Starting Over LLC); and (iv) U.S. Trust Tax Exempt Bonds account number ████1117;

f.  $25,000.00 in U.S. currency;

g.  Prudential IRA account number ██████9505;

h.  The following annuities: (i) AXA annuity no. ████ ██8 761; (ii) Prudential annuity no. ████2922; and (iii) Prudential annuity no. ████6362;

i.  $39,665.00 in U.S. currency;

j.  ███████████, Naples Florida;

k.  ████████████████████, Hilton Head, South Carolina;

l.  ████████████████████, Hilton Head, South Carolina;

m.  ████████████████████, Hilton Head, South Carolina;

n.  ██████████████████████, Naples, Florida;

o.  ████████████████████, Naples, Florida;

p.  Flagship Resort, Atlantic City (Timeshare);

q.  One Rolex watch;

r.  $31,000.00 in U.S. currency;

s.  $2,000.00 in U.S. currency;

t.  One 2004 25-foot Premiere powerboat and engine, HIN# PMY3079L304;

u.  One 2004 Range Rover, Vin# SALME11485A186942; and

5

v. ███████████████████████████ , Naples,
Florida;

(a through v hereinafter collectively referred to as the "Subject
Property").

2.    The aforementioned Subject Property is to be
seized pursuant to this Preliminary Order of Forfeiture and is to
be held thereafter by the United States Marshals Service (or its
designee) in its secure custody and control.  Any and all
financial institutions shall turn over property ordered forfeited
to and as directed by the United States Marshals Service.

3.    Pursuant to  Rule 32.2(b)(3) of the Federal Rules
of Criminal Procedure, this Order of Forfeiture is final against
the defendant, is part of the sentence of the defendant, and
shall be included in the judgment of conviction therewith, and is
hereby deemed in full satisfaction of the Money Judgment.

4.    Pursuant to 21 U.S.C. § 853(n)(1), the United
States Marshals Service forthwith shall publish, at least once
for three successive weeks in a newspaper of general circulation,
notice of this Order, notice of the Government's intent to
dispose of the Subject Property in such manner as the Attorney
General may direct, and notice that any person, other than the
defendant, having or claiming a legal interest in the above-
listed Specific Property must file a petition with the Court
within thirty (30) days of the final publication of notice or of
receipt of actual notice, whichever is earlier.  This notice

6

shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property and any additional facts supporting the petitioner's claim and the relief sought.

5.     The United States may also, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Subject Property, which is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

6.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

7.     The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property, including depositions, interrogatories, requests for production of documents and subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

7

9.    The Clerk of the Court shall forward four
certified copies of this Order to Assistant United States
Attorney, Sharon Cohen Levin, One St. Andrew's Plaza, New York,
New York 10007.

Dated: New York, New York
       December ─── , 2007 .

SO ORDERED: 1/2/08

HONORABLE SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 10
DATE FILED: 3/6/08 (10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x
                                :  (CORRECTED COPY)
UNITED STATES OF AMERICA,        :  ORDER OF FORFEITURE/
                                 :  PRELIMINARY ORDER OF
                                    FORFEITURE AS TO
        -v-                      :  SPECIFIC PROPERTY

SANTO C. MAGGIO,                 :  07 Cr. 1196 (SHS)

            Defendant.           :
------------------------------x

        WHEREAS, on or about December 19, 2007, SANTO C. MAGGIO

(the "defendant"), was charged in a four-count Information 07 Cr.

1196 (SHS) (the "Information") with conspiracy to commit

securities fraud, wire fraud, bank fraud, money laundering,

making false filings with the SEC and material misstatements to

auditors, in violation of Title 18, United States Code, Section

371 (Count One); securities fraud in violation of Title 15,

United States Code, Sections 78j(b) and 78ff, and Title 17, Code

of Federal Regulations, Section 240.10b-5 (Counts Two and Three);

wire fraud in violation of Title 18, United States Code, Section

1343 (Count Four);

        WHEREAS, the Information included a forfeiture

allegation charging that the defendant shall forfeit to the

United States, pursuant to Title 18, United States Code, Section

981(a)(1)(C) and Title 28, United States Code, Section 2461, all

property, real and personal, that constitutes or is derived from

proceeds traceable to the commission of the securities and wire

fraud offenses, including but not limited to, (i) a sum of money

A TRUE COPY
J. MICHAEL MC...

BY                           3/6/08
    DEPUTY C...

equal to $2,400,000,000 in United States currency, representing the amount of proceeds obtained as a result of the offenses, (collectively the "Money Judgment");

WHEREAS, on or about December 19, 2007, the defendant pled guilty to all counts of the Information pursuant to a plea agreement (the "Plea Agreement");

WHEREAS, in the Plea Agreement, the defendant admitted the forfeiture allegation of the Information and, in full satisfaction of the Money Judgment, agreed to forfeit to the United States the following:

- a.  Cash in U.S. Trust checking accounts numbered ███0196 and ███1754;

- b.  Surrender value of the following insurance policies: (i) Prudential Financial Insurance Policy No. ███9407; (ii) Mass Mutual Financial Group Insurance Policy No. ███9761; and (iii) Mass Mutual Financial Group Insurance Policy No. ███2605;

- c.  Furniture and household goods contained inside the real properties owned by the defendant and the defendant's wife, Carol Maggio, that were purchased with the proceeds of the crimes charged;

- d.  One 2006 Infiniti M35, Vin# JNKAYO1E56M1008640;

- e.  All securities and cash held in the following accounts: (i) U.S. Trust Excelsior Funds, account no. ███1077; (ii) Citibank account no. ███6449; (iii) U.S. Trust account no. ███4147 (Starting Over LLC); and (iv) U.S. Trust Tax Exempt Bonds account number ███1117;

- f.  The defendant's interest in WestPoint Partners Partnerships and Team Valor Partnerships;

- g.  Prudential IRA account number ███9505;

2

h.  The following annuities: (i) AXA annuity no. ██
     ██8 761; (ii) Prudential annuity no. ██2922; and
     (iii) Prudential annuity no. ██6362;

i.  One 2001 Glacier Bay 26 foot boat, HIN#
     GLKG1002J2001;

j.  ███████████, Naples Florida;

k.  116 Good Hope, Berkeley Hall, Hilton Head, South
     Carolina;

l.  Lot #79, Berkeley Hall, Hilton Head, South
     Carolina;

m.  Lot #525, Belfair Plantation, Hilton Head, South
     Carolina;

n.  Unit # 1801 Aversana, Hammock Bay, Naples,
     Florida;

o.  Unit # 106 Aversana, Hammock Bay, Naples, Florida;

p.  Flagship Resort, Atlantic City (Timeshare);

q.  One Rolex watch;

r.  The defendant's interest in Fiddler's Creek Gold
     Membership and Tarpon Bay Membership;

s.  A quantity of wine;

t.  One 2004 25-foot Premiere powerboat and engine,
     HIN# PMY3079L304;

u.  One 2004 Range Rover, Vin# SALME11485A186942; and

v.  9243 Tesoro Lane, #201, Fiddlers Creek, Naples,
     Florida;

WHEREAS, on December 19, 2007, it was agreed that the
Government will accept the following: a) $25,000.00 in U.S.
currency as a substitute of the defendant's interest in WestPoint
Partners Partnerships and Team Valor Partnerships; b) $39,665.00
in U.S. currency as a substitute of one 2001 Glacier Bay 26 foot

3

boat, HIN# GLKG1002J2001; c) $31,000.00 in U.S. currency as a substitute of the defendant's interest in Fiddler's Creek Gold Membership and Tarpon Bay Membership; and d) $2,000.00 in U.S. currency as a substitute for the wine;

WHEREAS, on or about January 2, 2008, the Court entered an Order of Forfeiture/Preliminary Order of Forfeiture as to Specific Property (the "Order");

WHEREAS, the United States hereby moves to correct this Order because, two of the real property addresses were incorrect, they should be the following:

Lot #526, Belfair Plantation, Hilton Head, South Carolina, and

Lot #309, Berkeley Hall, Hilton Head, South Carolina, also known as #3 Rice Hope Court, Bluffton, South Carolina 29909;

WHEREAS, by virtue of said guilty plea and sentence, pursuant to 21 U.S.C. § 853(g), the United States is entitled, pending any assertion of third-party claims, to reduce the property to its possession and to notify any and all potential purchasers and transferees thereof of its interest therein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.    Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, in full satisfaction of the Money Judgment, all right, title and interest of the defendant's interest in the following

4

property is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n):

    a.    Cash in U.S. Trust checking accounts numbered ██0196 and ██1754;

    b.    Surrender value of the following insurance policies: (i) Prudential Financial Insurance Policy No. ███9407; (ii) Mass Mutual Financial Group Insurance Policy No. ██9761; and (iii) Mass Mutual Financial Group Insurance Policy No. ██2605;

    c.    Furniture and household goods contained inside the real properties owned by the defendant and the defendant's wife, Carol Maggio, that were purchased with the proceeds of the crimes charged;

    d.    One 2006 Infiniti M35, Vin# JNKAYO1E56M1008640;

    e.    All securities and cash held in the following accounts: (i) U.S. Trust Excelsior Funds, account no. ████1077; (ii) Citibank account no. ███6449; (iii) U.S. Trust account no. ██4147 (Starting Over LLC); and (iv) U.S. Trust Tax Exempt Bonds account number ███1117;

    f.    $25,000.00 in U.S. currency;

    g.    Prudential IRA account number ███9505;

    h.    The following annuities: (i) AXA annuity no. ████8 761; (ii) Prudential annuity no. ███2922; and (iii) Prudential annuity no. ███6362;

    i.    $39,665.00 in U.S. currency;

    j.    ████████████, Naples Florida;

    k.    116 Good Hope, Berkeley Hall, Hilton Head, South Carolina;

    l.    Lot #309, Berkeley Hall, Hilton Head, South Carolina, also known as #3 Rice Hope Court, Bluffton, South Carolina 29909;

m.   Lot #526, Belfair Plantation, Hilton Head, South
     Carolina;

n.   Unit #1801 Aversana, Hammock Bay, Naples, Florida;

o.   Unit #106 Aversana, Hammock Bay, Naples, Florida;

p.   Flagship Resort, Atlantic City (Timeshare);

q.   One Rolex watch;

r.   $31,000.00 in U.S. currency;

s.   $2,000.00 in U.S. currency;

t.   One 2004 25-foot Premiere powerboat and engine,
     HIN# PMY3079L304;

u.   One 2004 Range Rover, Vin# SALME11485A186942; and

v.   9243 Tesoro Lane, #201, Fiddlers Creek, Naples,
     Florida;

(a through v hereinafter collectively referred to as the "Subject
Property").

2.   The aforementioned Subject Property is to be
seized pursuant to this Order of Forfeiture/Preliminary Order of
Forfeiture as to Specific Property and is to be held thereafter
by the United States Marshals Service (or its designee) in its
secure custody and control.  Any and all financial institutions
shall turn over property ordered forfeited to and as directed by
the United States Marshals Service.

3.   Pursuant to  Rule 32.2(b)(3) of the Federal Rules
of Criminal Procedure, this Order of Forfeiture is final against
the defendant, is part of the sentence of the defendant, and
shall be included in the judgment of conviction therewith, and is

6

hereby deemed in full satisfaction of the Money Judgment.

4.    Pursuant to 21 U.S.C. § 853(n)(1), the United States Marshals Service forthwith shall publish, at least once for three successive weeks in a newspaper of general circulation, notice of this Order, notice of the Government's intent to dispose of the Subject Property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the above-listed Specific Property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property and any additional facts supporting the petitioner's claim and the relief sought.

5.    Pursuant to Rule G(4)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers.  The United States forthwith shall publish the internet ad for at least 30

7

consecutive days. Any person, other than the defendant(s) in this case, claiming interest in the Subject Property must file a Petition within 60 days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier, pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Subject Property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to 21 U.S.C. § 853(n).

     6.    The United States may also, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Subject Property, which is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

     7.    Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

     8.    The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

9.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property, including depositions, interrogatories, requests for production of documents and subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

10.    The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney, Sharon Cohen Levin, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
       March 5, 2008

SO ORDERED:

_____
HONORABLE SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,                )
                                         )
            Plaintiff,                   )
                                         )
        v.                               )    07 CR.1196 (SHS)
                                         )
US v. Santo C. Maggio                    )
                                         )
            Defendant.                   )

### DECLARATION OF PUBLICATION

Notice of Criminal Forfeiture was posted on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, beginning on March 19, 2008, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, as evidenced by Attachment 1.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 14, 2008.

Sharon Cohen-Levin

Chief, Asset Forfeiture Unit
Assistant United States Attorney
(212) 637-1060 (phone)
(212) 637-0421 (fax)

Attachment 1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
COURT CASE NUMBER: 07 CR.1196 (SHS); NOTICE OF FORFEITURE

Notice is hereby given that on March 05, 2008, in the case of US v. Santo C. Maggio, Court Case Number: 07 CR.1196 (SHS), the United States District Court for the Southern District of New York entered a Preliminary Order of Forfeiture condemning and forfeiting the following property to the United States of America:

Cash in U.S. Trust Checking Accounts Numbered 240196 and 2401754 (08-USP-000373), which was seized from Santo Maggio on January 02, 2008 at 1825 8th Street, located in Naples, FL

Surrender value of the following insurance policy Prudential Financial Insurance Policy No. 71169407 (08-USP-000374), which was seized from Santo Maggio on January 02, 2008 at 1825 8th Street, located in Naples, FL

Furniture and household goods contained inside the real properties owned by the defendant and the defendants wife, Carol Maggio, that were purchased with the proceeds of the crimes charged (08-USP-000375), which was seized from Santo Maggio on January 02, 2008 at 1825 8th Street, located in Naples, FL

One 2006 Infiniti M35, JNKAYO1E56M1008640 VIN# (08-USP-000376), which was seized from Santo Maggio on January 02, 2008 at 1825 8th Street, located in Naples, FL

U.S. Trust Excelsior Funds, Acct No. 1000571077 (08-USP-000377), which was seized from Santo Maggio on January 02, 2008 at 1825 8th Street, located in Naples, FL

Cash in Lieu of defendants interest in West Point Partners Partnerships and Team Valor Partnerships (08-USP-000378), which was seized from Santo Maggio on January 02, 2008 at 1825 8th Street, located in Naples, FL

Prudential IRA Account No. E-0059505 (08-USP-000379), which was seized from Santo Maggio on January 02, 2008 at 1825 8th Street, located in Naples, FL

AXA Annuity No. 303 718 761 (08-USP-000380), which was seized from Santo Maggio on January 02, 2008 at 1825 8th Street, located in Naples, FL

Cash in Lieu of One 2001 Glacier Bay 26 foot boat, HIN#
GLKG1002J2001 (08-USP-000381), which was seized from Santo
Maggio on January 02, 2008 at 1825 8th Street, located in
Naples, FL

1825 8th Street, Naples Florida (08-USP-000382)

116 Good Hope, Berkeley Hall, Hilton Head, South
Carolina (08-USP-000383)

Lot #309, Berkeley Hall, Hilton Head, South Carolina
(08-USP-000384)

Lot #526, Belfair Plantation, Hilton Head, South Carolina
(08-USP-000385)

Unit # 1801 Aversana, Hammock Bay, Naples, Florida
(08-USP-000386)

Unit # 106 Aversana, Hammock Bay, Naples, Florida
(08-USP-000387)

Flagship Resort, Atlantic City (Timeshare) (08-USP-000388)

One Rolex watch (08-USP-000389), which was seized from Santo
Maggio on January 02, 2008 at 1825 8th Street, located in
Naples, FL

Cash in Lieu of defendants interest in Fiddlers Creek Gold
Membership and Tarpon Bay Membership (08-USP-000390), which
was seized from Santo Maggio on January 02, 2008 at 1825 8th
Street, located in Naples, FL

Cash in Lieu of a quantity of wine (08-USP-000391), which
was seized from Santo Maggio on January 02, 2008 at 1825 8th
Street, located in Naples, FL

One 2004 25-Foot Premiere powerboat and engine, HIN#
PMY3079L304 (08-USP-000392), which was seized from Santo
Maggio on January 02, 2008 at 1825 8th Street, located in
Naples, FL

One 2004 Range Rover, SALME11485A186942 VIN#
(08-USP-000393), which was seized from Santo Maggio on
January 02, 2008 at 1825 8th Street, located in Naples, FL

9243 Tesoro Lane, #201, Fiddlers Creek, Naples, Florida
(08-USP-000394)

     The United States hereby gives notice of its intent to dispose of
the forfeited property in such manner as the United States Attorney
General may direct.  Any person, other than the defendant(s) in this
case, claiming interest in the forfeited property must file a Petition
within 60 days from the first day of publication (March 19, 2008) of

this Notice on this official government internet web site, pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  The petition must be filed with the Clerk of the Court, United States District Court, 500 Pearl Street, Room 120, New York, NY  10007, and a copy served upon Assistant United States Attorney Sharon Cohen-Levin, One St. Andrew's Plaza, New York, NY  10007.  The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to 21 U.S.C. § 853(n).

Following the Court's disposition of all petitions filed, or if no such petitions are filed, following the expiration of the period specified above for the filing of such petitions, the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee.

### Advertisement Certification Report

The Notice of Publication was available on the www.forfeiture.gov web site for at least 18 hours per day between March 19, 2008 and April 17, 2008. Below is a summary report that identifies the uptime for each day within the 30-day period and reports the results of the web monitoring system's daily check that verifies that the advertisement was available each day.

US v. Santo C. Maggio
**Court Case No:** 07 CR.1196 (SHS)
**For Asset**     See Attached Asset List
**ID(s):**

| Consecutive Calendar Day Count | Date Advertisement Appeared on the Web Site | Total Hours Web Site was Available during Calendar Day | Verification that Advertisement existed on Web Site |
|---|---|---|---|
| 1 | 03/19/2008 | 22.8 | Verified |
| 2 | 03/20/2008 | 22.8 | Verified |
| 3 | 03/21/2008 | 22.7 | Verified |
| 4 | 03/22/2008 | 22.8 | Verified |
| 5 | 03/23/2008 | 22.8 | Verified |
| 6 | 03/24/2008 | 22.8 | Verified |
| 7 | 03/25/2008 | 22.9 | Verified |
| 8 | 03/26/2008 | 22.8 | Verified |
| 9 | 03/27/2008 | 22.6 | Verified |
| 10 | 03/28/2008 | 22.8 | Verified |
| 11 | 03/29/2008 | 23.5 | Verified |
| 12 | 03/30/2008 | 23.5 | Verified |
| 13 | 03/31/2008 | 23.5 | Verified |
| 14 | 04/01/2008 | 23.6 | Verified |
| 15 | 04/02/2008 | 23.6 | Verified |
| 16 | 04/03/2008 | 23.5 | Verified |
| 17 | 04/04/2008 | 23.4 | Verified |
| 18 | 04/05/2008 | 22.9 | Verified |
| 19 | 04/06/2008 | 23.3 | Verified |
| 20 | 04/07/2008 | 23.4 | Verified |
| 21 | 04/08/2008 | 23.6 | Verified |
| 22 | 04/09/2008 | 23.3 | Verified |
| 23 | 04/10/2008 | 23.4 | Verified |
| 24 | 04/11/2008 | 23.3 | Verified |
| 25 | 04/12/2008 | 23.5 | Verified |
| 26 | 04/13/2008 | 23.5 | Verified |
| 27 | 04/14/2008 | 23.3 | Verified |
| 28 | 04/15/2008 | 23.5 | Verified |
| 29 | 04/16/2008 | 22.9 | Verified |
| 30 | 04/17/2008 | 23.6 | Verified |

Additional log information is available and kept in the archives for 15 years after the asset has been disposed.  For more information, please contact Sharon Cohen-Levin in the Southern District of New York at 212-637-1060.

**Asset List**

Assets published beginning on March 19, 2008 for Court Case No 07 CR.1196 (SHS)

| Asset ID | Asset Description |
|---|---|
| 08-USP-000373 | Cash in U.S. Trust Checking Accounts Numbered 240196 and 2401754 |
| 08-USP-000374 | Surrender value of the following insurance policy Prudential Financial Insurance Policy No. 71169407 |
| 08-USP-000375 | Furniture and household goods contained inside the real properties owned by the defendant and the defendants wife, Carol Maggio, that were purchased with the proceeds of the crimes charged |
| 08-USP-000376 | One 2006 Infiniti M35, JNKAYO1E56M1008640 |
| 08-USP-000377 | U.S. Trust Excelsior Funds, Acct No. 1000571077 |
| 08-USP-000378 | Cash in Lieu of defendants interest in WestPoint Partners Partnerships and Team Valor Partnerships |
| 08-USP-000379 | Prudential IRA Account No. E-0059505 |
| 08-USP-000380 | AXA Annuity No. 303 718 761 |
| 08-USP-000381 | Cash in Lieu of One 2001 Glacier Bay 26 foot boat, HIN# GLKG1002J2001 |
| 08-USP-000382 | 1825 8th Street, Naples Florida |
| 08-USP-000383 | 116 Good Hope, Berkeley Hall, Hilton Head, South Carolina |
| 08-USP-000384 | Lot #309, Berkeley Hall, Hilton Head, South Carolina |
| 08-USP-000385 | Lot #526, Belfair Plantation, Hilton Head, South Carolina |
| 08-USP-000386 | Unit # 1801 Aversana, Hammock Bay, Naples, Florida |
| 08-USP-000387 | Unit # 106 Aversana, Hammock Bay, Naples, Florida |
| 08-USP-000388 | Flagship Resort, Atlantic City (Timeshare) |
| 08-USP-000389 | One Rolex watch |
| 08-USP-000390 | Cash in Lieu of defendants interest in Fiddlers Creek Gold Membership and Tarpon Bay Membership |
| 08-USP-000391 | Cash in Lieu of a quantity of wine |
| 08-USP-000392 | One 2004 25-Foot Premiere powerboat and engine, HIN# PMY3079L304 |
| 08-USP-000393 | One 2004 Range Rover, SALME11485A186942 |
| 08-USP-000394 | 9243 Tesoro Lane, #201, Fiddlers Creek, Naples, Florida |

# Service of Process
1:07-cr-01196-SHS USA v. Maggio
ECF

## U.S. District Court

## United States District Court for the Southern District of New York

## Notice of Electronic Filing

The following transaction was entered by Levin, Sharon on 5/15/2008 at
12:00 PM EDT and filed on 5/15/2008

**Case Name:**          USA v. Maggio
**Case Number:**        1:07-cr-1196
**Filer:**              USA
**Document Number:** 13

**Docket Text:**
**SERVICE BY PUBLICATION. A Notice of Publication was
published in the www.forfeiture.gov on March 19 through April 17,
2008. Document filed by USA as to Santo C. Maggio. (Levin,
Sharon)**


**1:07-cr-1196-1 Notice has been electronically mailed to:**

Christopher Louis Garcia     christopher.garcia@usdoj.gov,
USANYS.ECF@USDOJ.GOV

Neil Michael Barofsky     neil.barofsky@usdoj.gov, SDNY-ECF@usdoj.gov

Scott Edward Hershman     shershman@hunton.com

**1:07-cr-1196-1 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=5/15/2008]
[FileNumber=4588268-0
]
[09441932489a3a7cecbe5b2f930b8b354bcac8e03375f66de975c074cbe54e90e
efa0b84023d64ca644cc0f79f13c9344d2710b26763b7fed30b197ef68079]]

U.S. Department of Justice
United States Marshals Service

ORIGINAL

PROCESS RECEIPT AND RETURN
See Instructions for "Service of Process by the U.S. Marshal"
on the reverse of this form.

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| UNITED STATES OF AMERICA | 07 Cr. 1196 (SHS) |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| Santo Maggio | Corrected Copy MJ/POF |

| SERVE | NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN |
|---|---|
| ▶ | Sandy Moo, USMS |
| | ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code) |
| AT | 500 Pearl Str., NY, NY 10007 |

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

| | |
|---|---|
| UNITED STATES ATTORNEY'S OFFICE SOUTHERN DISTRICT OF NEW YORK | Number of process to be served with this Form - 285 |
| ONE SAINT ANDREW'S PLAZA | Number of parties to be served in this case |
| NEW YORK, NY 10007-1703 Return to: Karyn Leon-Matovick/FSA Paralegal | Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVER (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Server):
Fold                                                                                     Fold

Please publish the attached notice of publication once a week for three consecutive weeks.


USAO#2007R02334

CATS# see attached list

| Signature of Attorney or other Originator requesting service on behalf of: Sharon Cohen Levin AUSA Sharon Cohen Levin | x PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER 212-637-1060 | DATE 3/7/08 |
|---|---|---|---|

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin No. 54 | District to Serve No. 54 | Signature of Authorized USMS Deputy or Clerk | Date 3/11/08 |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☒ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

| Name and title of individual served (if not shown above) | A person of suitable age and dis- ☐ cretion then residing in the defendant's usual place of abode. |
|---|---|
| Address (complete only if different than shown above) | Date of Service 5/8/08   Time   am pm |
| | Signature of U.S. Marshal or Deputy |

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or Amount of Refund |
|---|---|---|---|---|---|
| | | | | | |

REMARKS: 5/8/08 - Notice was published in the New York Law Journal on March 26, 2008; April 2 & 9, 2008. (copy attached)

PRIOR EDITIONS
MAY BE USED

FORM USM-285

U.S. ATTORNEY COPY

**STATE OF NEW YORK**
*County of New York,*    *s:*

Cynthia Byrd, being duly sworn, says that she is the PRINCIPAL CLERK of the Publisher of the **NEW YORK LAW JOURNAL**, a Daily Newspaper; that the Advertisement hereto annexed has been published in the said **NEW YORK LAW JOURNAL** in each week for 3 successive weeks, commencing on the 26thday of March, 2008.

TO WIT: MARCH 26, 2008 APRIL 2, 9, 2008

SWORN TO BEFORE ME, this 9th day
Of April, 2008.

**Jennifer Hannafey**
**Notary Public, State of New York**
**No. 01ha6128042**
**Qualified in Richmond County**
**Commission Expires June 09, 2009**

U.S. ATTORNEY COPY

## STATE OF NEW YORK
### County of New York,    s:

**MISCELLANEOUS**

**NOTICE OF:**
**UNITED STATES v.**
**SANTO MAGGIO**
**07 Cr. 1196 (SHS)**

**N**OTICE IS HEREBY given that on March 5, 2008, in the case of United States v. Santo Maggio, 07 Cr. 1196 (SHS), the United States District Court for the Southern District of New York entered a (Corrected Copy) Order of Forfeiture/Preliminary Order of Forfeiture as to Specific Property condemning and forfeiting Santo Maggio's right, title, and interest in the following Subject Property to the United States Marshals Service:

a. Cash in U.S. Trust checking accounts numbered 240196 and 2401754;

b. Surrender value of the following insurance policies: (I) Prudential Financial Insurance Policy No. 71169407; (ii) Mass Mutual Financial Group Insurance Policy No. 3709761; and (iii) Mass Mutual Financial Group Insurance Policy No. 3842605;

c. Furniture and household goods contained inside the real properties owned by the defendant and the defendant's wife, Carol Maggio, that were purchased with the proceeds of the crimes charged;

d. One 2006 Infiniti M35, Vin # JNKAYO1E56M1008640;

e. All securities and cash held in the following accounts: (I) U.S. Trust Excelsior Funds, account no. 1000971077; (ii) Citibank account no. B/596449; (iii) U.S. Trust account no. 1164147 (Starting Over LLC); and (iv) U. S. Trust Tax Exempt Bonds account number 75101117;

f. $25,000.00 in U.S. currency;

g. Prudential IRA account number E-0059505;

h. The following annuities: (i) AXA annuity no. 303 718 761; (ii) Prudential annuity no. E0042922; and (iii) Prudential annuity no. E0126362;

i. $39,665.00 in U.S. currency;

j. 1825 8th Street, Naples, Florida;

k. 116 Good Hope, Berkeley Hall, Hilton Head, South Carolina;

l. Lot # 309, Berkeley Hall, Hilton Head, South Carolina;

m. Lot # 526, Belfair Plantation, Hilton Head, South Carolina;

n. Unit # 1801 Aversana, Hammock Bay, Naples, Florida;

o. Unit # 106 Aversana, Hammock Bay, Naples, Florida;

p. Flagship Resort, Atlantic City (Timeshare);

q. One Rolex watch;

r. $31,000.00 in U.S. currency;

s. $2,000.00 in U.S. currency;

t. One 2004 25-foot Premiere powerboat and engine, HIN # PMY3079L304;

u. One 2004 Range Rover, Vin # SALME11485A186942; and

v. 9243 Tesoro Lane, #201, Fiddlers Creek, Naples, Florida;

Cynthia Byrd, being duly sworn, says that she is the PRINCIPAL CLERK of the Publisher of the **NEW YORK LAW JOURNAL**, a Daily Newspaper; that the Advertisement hereto annexed has been published in the said **NEW YORK LAW JOURNAL** in each week for 3 successive weeks, commencing on the 26thday of March, 2008.

TO WIT: MARCH 26, 2008 APRIL 2, 9, 2008

SWORN TO BEFORE ME, this  9th  day
Of  April, 2008.

**Jennifer Hannafey**
**Notary Public, State of New York**
**No. 01ha6128042**
**Qualified in Richmond County**
**Commission Expires June 09, 2009**

The Order of Forfeiture/Preliminary Order of Forfeiture as to Specific Property having been entered on February 20, 2008 the United States hereby gives notice of its intention to dispose of the forfeited Subject Property in such a manner as the United States Secretary of Treasury may direct. Any person having or claiming a legal right, title or interest in the aforementioned Subject Property must file a petition within thirty (30) days of the final publication of this notice, which will be May 9, 2008.

The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Subject Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the forfeited Subject Property and any additional facts supporting the petitioner's claim and the relief sought.

FOR NOTICE OF PUBLICATIONS GO TO: WWW.FORFEITURE.GOV

On December 1, 2006, Rule G of the of the Supplemental Rules for Certain Admiralty and Maritime Claims, part of the Federal Rules of Civil Procedure, became effective. This new rule now governs procedures for civil and criminal asset forfeiture actions in the federal courts.

Notice of judicial forfeiture actions has traditionally been published in newspapers. The new rule now permits publication of forfeiture notices on a government internet site (www.forfeiture.gov), and this site incorporates these forfeiture notices that have been traditionally published in newspapers.

This site is currently fully operational, civil and criminal forfeiture notices will continue to be published in newspapers for a period of time before newspaper publication is eventually abandoned in favor of this website. The website contains a comprehensive list of pending notices of both civil and criminal forfeiture actions in United States District Courts around the country.

MICHAEL J. GARCIA
U.S. Attorney/SDNY

JOSEPH R. GUCCIONE
U.S. Marshal/SDNY
988434                     m26-W a9

# Service of Process

1:07-cr-01196-SHS USA v. Maggio
ECF

## U.S. District Court

## United States District Court for the Southern District of New York

## Notice of Electronic Filing

The following transaction was entered by Levin, Sharon on 5/15/2008 at 11:57 AM EDT and filed on 5/15/2008

**Case Name:**         USA v. Maggio
**Case Number:**       1:07-cr-1196
**Filer:**             USA
**Document Number:** 12

**Docket Text:**
**SERVICE BY PUBLICATION. A Notice of Publication was published in the New York Law Journal on March 26, 2008 and April 2, 9, 2008. Document filed by USA as to Santo C. Maggio. (Levin, Sharon)**

**1:07-cr-1196-1 Notice has been electronically mailed to:**

Christopher Louis Garcia     christopher.garcia@usdoj.gov, USANYS.ECF@USDOJ.GOV

Neil Michael Barofsky     neil.barofsky@usdoj.gov, SDNY-ECF@usdoj.gov

Scott Edward Hershman     shershman@hunton.com

**1:07-cr-1196-1 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=5/15/2008]
[FileNumber=4588240-0
]
[668d5402de8c903e65e765d543fa73c9ca28aab83499eac6019a7d03a2d7e2ccf
9a6bec699ba4967ed7e479fa926231055d6b380ba841d62dbe3e516684baa]]